NEWARK AND ESSEX BUILDING CORPORATION, A NEW JERSEY CORPORATION, PROSECUTOR, v. CITY OF NEWARK, A MUNICIPAL CORPORATION, ET AL., RESPONDENTS.

Submitted January 16, 1945—Decided April 11, 1945.

Before Justices CASE, BODINE and PORTER.

For the prosecutor, *Harry Schaffer.*

For the City of Newark, *Philip J. Schotland* and *Vincent J. Casale.*

The opinion of the court was delivered by

BODINE, J. This is a tax case. It involves taxes for the year 1942. The property in question is the large store and office building occupying a large tract of land situate at 736-753 Broad Street in the City of Newark.

On January 4th, 1944, the State Board of Tax Appeals rendered a judgment reducing the assessment to $5,760,500, allocated $1,560,500 to land and $4,200,000 to building.

*Certiorari* was allowed.

Franklin Hannoch, prosecutor's expert, testified before the State Board that the true value of the property as of the assessing date as between a willing buyer and a willing seller, neither compelled to buy or sell, was $4,727,000; he allocated $1,527,000 to land and $3,200,000 to building.

The testimony of Mr. Hannoch shows that he valued the property in the following manner: the gross rentals, if fully occupied would be $957,502 and from this figure, although actual vacancies amounted to $228,000 and the building had a vacancy history of 35 to 40 per cent. from 1930 to 1942, there was deducted for vacancies 10 per cent. or $95,750, which left an effective gross income of $861,752. From this figure deducting $310,995, the actual operating expenses for the taxable year (excluding taxes, interest on mortgage and depreciation), left a net income of $550,747 before depreciation and taxes. He felt that the amount required to support a land value of $1,527,000 was 5 per cent. for interest and 5.3 per cent. for taxes, or $157,281. Deducting this sum from the net income left $393,466 to apply to the building. Capitalizing the building at 5 per cent. for interest, 5.3 per cent. for taxes and 2 per cent. for depreciation resulted in a building value of $3,200,000.

A careful review of all the other evidence satisfies us that the views of Mr. Hannoch are persuasive.

The National Newark and Essex Banking Company pays a rent in excess of that paid for similar premises. In determining true value between a willing seller and a willing buyer, replacement cost and income return are not the sole criterion. All the factors considered, we can only conclude that the assess-

ment should be reduced to comply with the views expressed by Mr. Hannoch.

The judgment is reversed.